## IN RE DISBARMENT OF ALEX KANTER.[1]

June 27, 1930.

No. 27,852.

[1]Reported in 231 N. W. 396.

*Oscar G. Haugland* and *H. E. Maag,* for state board of law examiners.

*Alex Kanter,* pro se.

PER CURIAM.

Honorable W. A. Schultz, appointed referee to hear and report the facts charged in the petition for the discipline of Alex Kanter, an attorney at law, finds the accusation of misconduct made against respondent proved, except that it was not proved that his client failed to get any response to inquiries until after the ethics committee of the Hennepin county bar began to investigate the charges against respondent.

The misconduct charged in the petition and found true is in substance this: In May, 1926, through his Chicago attorney, Edward J. Pauler, also a resident of Chicago, Illinois, engaged respondent to prosecute a replevin action against one John Edwards of Minneapolis which resulted in a settlement wherein respondent received a draft for $253 payable to the order of his client and himself. This draft respondent indorsed and cashed on July 28, 1927. He did not report the fact of the receipt of the money to his client; but in November, 1927, wired the attorneys of the client in Chicago that final action in the suit would be taken so that the proceeds would be in their hands by December 1, 1927. In so doing respondent wilfully deceived his client and the attorneys in Chicago who represented the client. The court also found that respondent had paid the client as follows: $3 on March 17, 1928; $78 in three payments in July, 1929; $41 in two payments in September, 1929; $75 in January, 1930; and $160 in March, 1930, in all $357.

The evidence shows that from the time his client learned that the money had been collected respondent, in response to frequent demands for remittance, made repeated promises to do so, but the client got nothing but excuses, until March 17, 1928, when a letter was received inclosing two checks, one for $3, which was paid, and one for $250, upon which payment was refused for lack of funds.

Thereafter payments were made in small amounts as found by the referee and upon repeated demands. The excuse respondent now offers is that through bad investments he had lost the $20,000 fee he earned in his early practice, and made the promises to the client in good faith believing he would be able to earn or raise the money by the time promised; but when the time arrived the long illness and death of his mother, the illness of his father and sister had laid such heavy and unexpected financial burdens upon him that he was unable to pay any obligation.

Outside this one matter with a client, there is no suggestion of any professional misconduct on the part of respondent. From the first, after his default was known, he promised to make no charges for his services and to remit with interest. He has remitted more than the whole claim with legal interest. Even so, his client and the Chicago attorneys representing him have spent more in time, in energy, and in futile telegrams and correspondence to obtain from respondent what he had wrongfully appropriated than the whole claim was worth. We cannot overlook the fact that respondent misappropriated his client's money, and wilfully concealed from him the fact that he had so done.

The findings of the referee are approved and adopted, and the conclusion is that respondent, Alex Kanter, is guilty of the professional misconduct of which he is accused, and it is ordered that he be disbarred from practicing as an attorney in this state for the period of one year.

Let judgment be entered accordingly.